```
1  RICHARD P. HERMAN, SBN 53743
2  LAW OFFICE OF RICHARD P. HERMAN
   P.O.BOX 53114
3  IRVINE, CA 92619
4  Telephone: (714)547-8512
5  Facsimile:  (949)209-2693
   Email:rherman@richardphermanlaw.com
6  Attorney for Plaintiff
7  Mark Moon
8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARK MOON Individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, a Governmental Entity; DON BARNES, , Individually and in his official capacity; and DOES 1-50.<br><br>　　　　Defendants. | CASE NO: 8:19CV-00258<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT; RLIUP CIVIL RIGHTS AND BANE ACT.<br><br>JURY TRIAL DEMANDED |

　　Plaintiff Mark Moon complains of the County of Orange, Don Barnes, Individually and in his official capacity as Orange County Sheriff and DOES 1-50 ("Defendants"), and alleges as follows:

## I.
## PARTIES

1.　Plaintiff is a California resident with disabilities. He suffers

COMPLAINT
1

from atrophy of the left leg and mental health disabilities. Plaintiff is an SSI recipient. Plaintiff is housed in the Orange County jail.

2. Plaintiffs' claim arises out of the acts of the Orange County Sheriff's Department in the Orange County Jails in the County of Orange, State of California. Accordingly, venue is proper within the Central District of California, Southern Division.

3. Defendants County of Orange and Don Barnes operate the Orange County Jails.

4. Plaintiff does not know the true names of Defendants, their capacities, their connection to the jail , or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 50, inclusive, is responsible in some capacities for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsible of Defendants and Does 1 through 50, inclusive, are ascertained.

## II.
## JURISDICTION AND VENUE

5. The Court has subject jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 (a)(3)&(a)(4) for violations of the Americans with Disabilities

Act of 1990, 42 U.S.C. §12101, et seq, the RLUIPA, 42 U.S.C. §2000 and 42 U.S.C. §1983.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also bought under California's BANE Civil Rights Act.

7. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the jail which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### III.
### FACTUAL ALLEGATIONS

8. Plaintiff has been and is presently a prisoner in the County Jails since January 15, 2017.

9. The jail is a public facility, a place of public accommodation.

10. Maneuvering in the jail is one of the facilities, privileges, offered by Defendants to inmates of the jail.

11. Unfortunately, the jail does not accommodate Mark Moon's mobility issues and mental disability issues and instead has kept him in disciplinary isolation 30 days in and 3 days"off" since January 15, 2017 and intends to keep him in disciplinary until 2020, harming rather than accommodating his disabilities.

12. Defendants have failed to maintain in operable working condition

those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the subject property.

13.  Plaintiff personally encountered these barriers.

14.   This facility denied the plaintiff full and equal access and caused difficulty, discomfort, and embarrassment.

15.   The defendants have failed to maintain in working and useable condition those features and services required to provide access to persons with disabilities.

16.   Given the obvious and blatant nature of the barriers and violations and lack of services alleged herein, the plaintiff alleges, on information and belief, that there are other violations on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once further inspection is conducted.   However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See **_Doran v. 7-11_** , 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff  encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

## FIRST CAUSE OF ACTION

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ( On behalf of Plaintiff and against all Defendants.) (42 U.S. C. Section 12101, et seq.)**

17. By re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services in a jail is offered on a full and equal basis to anyone. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those <u>services</u> and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).(emphasis added).

   b. A failure to remove A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities,

including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20. Here, the failure to ensure that the accessible services were available and ready to be used by the plaintiff is a violation of the law.

21. Plaintiff will continue to reside in the Orange County jail but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers and accommodate his disability.

## SECOND CAUSE OF ACTION

## RLUIPA AGAINST ALL DEFENDANTS

22. By re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Defendants failed to provide access to religious services or clergy substantially burdening Plaintiff's religious exercise.

### THIRD CAUSE OF ACTION

### 42 U.S.C §1983

24. By re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Defendants failed to provide access to religious services or clergy substantially burdening Plaintiff's religious exercise.

26. Defendants practice of holding Plaintiff in disciplinary isolation for more than two years violates his Civil Rights including, religious access, exercise, dayroom, mobility and mental health disability access and services.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BANE ACT (CAL.CIVIL CODE §52.1) AGAINST ALL DEFENDANTS

27. By re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Defendants, interfered or attempted interfere by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and under the state and federal constitution, including, without limitation, the right to be free from imprisonment without probable cause, including his rights under Civil Code §43,

Penal Code §§149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Articles 1, §§1, 7, and 13 of the California Constitution.

29. Defendants' conduct caused Plaintiff extreme emotional distress.

30. Plaintiff's claims against the County are based on its maintaining and permitting the practices, policies and customs as described. In particular, the County condoned, encouraged, fostered and/or encouraged, fostered and/or ratified the unlawful conduct. Plaintiff is further informed and believes and thereon alleges that Defendants have ratified the unconstitutional and illegal conduct towards Plaintiff.

31. As a result of their conduct, Defendant is liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

32. Plaintiff alleges that the acts of the individual DOE Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

33. As a direct and legal result of Defendants' acts and omissions,

Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

## PRAYER

**WHEREFORE** Plaintiff prays that this Court award damages and provide relief as follows:

34. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not yet invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

35. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

36. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

DATED: February 8, 2019                    Respectfully submitted,

_____
RICHARD P. HERMAN
ATTORNEY FOR PLAINTIFF
MARK MOON

COMPLAINT
9