William L. Haluck, Esq. (SBN 80146)
Zachary M. Schwartz, Esq. (SBN 286498)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000
Email: *bill.haluck@knchlaw.com*
*zachary.schwartz@knchlaw.com*

LEON J. PAGE, COUNTY COUNSEL
D. KEVIN DUNN, SR DEPUTY (SBN 194604)
333 West Santa Ana Blvd., Suite 407
Post Office Box 1379
Santa Ana, CA 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359
Email: kevin.dunn@coco.ocgov.com

Attorneys for Defendants,
COUNTY OF ORANGE and
SHERIFF DON BARNES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARK MOON, et al,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, et al,<br><br>  Defendants. | Case No.:<br>8:19CV-00258-JVS (KESx)<br>Assigned to: Hon. James V. Selna<br>Crt. Rm: 10C<br>Magistrate Judge:<br>Karen E. Scott - Crt. Rm: 6D<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Action Date: 2/8/19<br>Trial Date: 8/11/20 |

This Court has reviewed the Parties Stipulated Protective Order and hereby makes the following orders.

1. In connection with discovery proceedings in this action, all Plaintiffs in this action and Defendants COUNTY OF ORANGE and SHERIFF DON BARNES ("Defendants") (collectively "Parties") by and through their attorneys of

record agree that they may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential Information for purposes of the instant Stipulated Protective Order is defined as:

(a) Information which has not been made public *and* which directly relates to Orange County Sheriff's Department ("OCSD") internal investigation reports, as well as opinions and summaries derived from those reports. Such documents include Internal Investigation Administrative Worksheets, Personnel Investigation Summaries, and evidence collected in pursuit of OCSD internal investigations reports; or

(b) Information which has not been made public and which directly relates to Orange County District Attorney ("OCDA") investigation reports, as well as opinions and summaries derived from those reports. Such documents include investigation worksheets, summaries, and evidence collected in pursuit of OCDA investigation; or

(c) Information which has not been made public *and* which constitutes or comprises facts about any person which would give that person a reasonable expectation of privacy under California law, to include, without limitation, documents in employment and personnel files.

2. The Parties agree that there is good cause for this Stipulated Protective Order because the failure to protect such Confidential Information from disclosure may cause irreparable harm to one or both parties and, further, could constitute a violation of California law or OCSD or OCDA policy. The Parties agree that the failure to protect the confidentiality of information obtained through investigative and other departmental processes may erode public trust in the OCDA, OCSD and its peace officers, potentially compromising public safety. Moreover, with respect to personnel files and internal investigations of OCSD peace officers, the

004.567:384148v1

Confidential Information which is the subject of this Protective Order is expressly made confidential pursuant to California *Penal Code* §832.7(a) and it is the intention of the Parties entering into this Protective Order to extend the highest level of confidentiality possible to the records and information that will be produced subject to this Protective Order.

3. Under the terms of this Order, the party designating Confidential Information is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."

4. Confidential Material includes, without limitation any and all summaries, copies, abstracts, or other documents derived in whole or in part from documents or other materials designated as Confidential Information under the procedures set forth in Paragraph 3 of the Protective Order. Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may not be used for any purpose other than in the above referenced court proceeding pursuant to applicable law, and may be disclosed or made available only to the Court, court personnel, a party, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to Qualified Persons as defined below:

(a) any current officer or director of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by a party or a party's counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporters employed in this action;

(d) witnesses at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree prior to the time of disclosure to that person.

Counsel disclosing Confidential Material to a Qualified Person shall provide each Qualified Person a copy of this Order and its Attachment "A." Prior to receipt of any Confidential Material, a Qualified Person must execute the nondisclosure agreement in the form of Attachment "A" and return it to disclosing counsel. Disclosing counsel shall retain the original Attachment "A" for each and every Qualified Person to whom it discloses Confidential Material and provide a copy of any such Attachment "A" within five (5) court days upon the written request of any party or the Court.

6. Nothing in this Order shall impose any restrictions on a party's use or disclosure of its own Confidential Information, or from using or disclosing material obtained independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

7. In the event that any party or non-party disclosing Confidential Material alleges that the receiver of such Confidential Material has violated the terms of this Order, the discloser may move the Court for a determination whether or not a violation has occurred. Any such motion shall comply with the procedures set forth in Local Rules 37-1 and 37-2. The movant shall have the burden of showing that the receiver (1) possessed Confidential Material and (2) used it in violation of the terms of this Protective Order. Any violation of the terms of this Order may constitute contempt of Court or result in any other sanction the Court deems appropriate. Nothing in this Paragraph 7 or any other paragraph or part of this Order shall be deemed as (1) limiting the remedies of any person alleging harm from the disclosure of Confidential Material by any party to this action or any

Qualified Person, or (2) preventing any party or nonparty from seeking such further protections regarding confidentiality as may be appropriate

8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality in accordance with applicable laws and the governing rules and procedures of the Court. Any party attempting to file Confidential Materials with the Court for any purpose shall seek leave of Court to file the Confidential Materials under seal, in accordance with the Local Rules 79-5.1 and all other applicable Rules.

9. Subject to the procedures set forth in Paragraph 10 below, this Order shall be without prejudice to the rights of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

10. A party opposing the designation of any document or other material as Confidential Material may challenge that designation by serving a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have ten (10) Court days following the receipt of the objection to explain in writing the reasons for the designation of the identified document or other material. If the designating party fails to respond to the written objection within the allotted time, the designation as Confidential Material is deemed withdrawn for any document or other material identified in the written objection.

If the disclosing party persists in designating the document or other material

in question as Confidential Material, the objecting party may move the Court within ten (10) days for an order removing or replacing the "Confidential" designation. Any such motion shall comply with the procedures set forth in Local Rules 37-1 and 37-2. On such a motion, it shall be the burden of the designating party to prove that the material or information was properly designated. If an objecting party does not make a timely motion, such objection is deemed withdrawn. Until a ruling from the Court, disputed items shall remain designated as Confidential Material and afforded all protections set forth in this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and other information between the parties to this action without involving the Court unnecessarily. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of information disclosed in this action and designated as Confidential Material under this Order. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or other process or order issued in another action. In the event any person or entity having received Confidential Material under this Order

receives a subpoena or other process or order to produce such information, the subpoenaed person or entity shall, within three (3) court days notify in writing the attorneys of record of the disclosing party and shall furnish those attorneys with a copy of said subpoena or other process or order. The person or entity receiving the subpoena or other process or order shall be entitled to comply with it within a reasonable time except to the extent it is modified or quashed.

14. Should any person or entity inadvertently produce after a reasonable review material eligible for designation under this Order as Confidential Information, it may redesignate the material as Confidential Information upon written notice to the party in receipt of the undesignated material within ten (10) days of the discovery of the inadvertent production. Once properly redesignated, the Confidential Material shall thereafter be treated as if it had originally been designated as Confidential Material. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated material from persons not entitled to receive Confidential Material under this Order.

15. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16. Nothing in this Order shall be construed as requiring disclosure of privileged materials, material subject to protection under the attorney work product doctrine, or materials which are otherwise beyond the scope of permissible

004.567:384148v1

7  Case No. 8:19CV-00258-JVS (KESx)
[PROPOSED] PROTECTIVE ORDER

discovery.

17. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials. Nothing in this Order shall apply to evidence presented at trial or any other court proceeding.

18. This Order may be modified by agreement of the parties, subject to approval by the Court, without prejudice to the rights of any party to move for relief from any of its provisions. No modification shall take effect unless and until approved by the Court. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

19. Without separate court order, this Order does not change, amend, or circumvent any court rule or local rule.

20. This Order shall apply to all parties in this action, including those that have not yet appeared or who may be added later.

**IT IS SO ORDERED.**

Dated: February 27, 2020

_Karen E. Scott_
Karen E. Scott,
United States Magistrate Judge

# ATTACHMENT A

**NONDISCLOSURE AGREEMENT**

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Moon, et al. v. County of Orange, et al.*, United States District Court for the Central District of California, Civil Action No. 8:19CV-00258-JVS (KESx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:_____

SIGNED:_____

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA )
                    )
COUNTY OF ORANGE    )

I, Connie B. Reinglass, declare that:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3 Park Plaza, Suite 1500, Irvine, California 92614-8558.

On **February 27, 2020**, I served the foregoing document, described **[PROPOSED] PROTECTIVE ORDER** on the interested parties in this action by placing ☐ the original ☐ a true copy in a separate sealed envelope addressed to the following addresses:

| | |
|---|---|
| Richard P. Herman, Esq.<br>LAW OFFICE OF RICHARD P. HERMAN<br>P. O. Box 53114<br>Irvine, CA 92619<br><br>(714) 547-8512<br>FAX (949) 209-2693<br><br>rherman@richardphermanlaw.com<br><br>Nicholas P. Kohan, Esq.<br>DICKSON, KOHAN BABLOVE LLP<br>1101 Dove Street, Ste. 220<br>Newport Beach, CA 92660<br><br>(949) 535-1341<br>FAX (949) 535-1449<br><br>nkohan@dkblawyers.com<br><br>Joel M. Garson, Esq.<br>GARSON LAW<br>1432 Edinger Avenue, Suite 240<br>Tustin, CA 92780<br><br>(714) 258-7200<br>FAX (714) 258-8282<br><br>joel@goelgarson.com | Attorneys for Plaintiffs, on behalf of themselves and others similarly situated |

| | |
|---|---|
| Jerry L. Steering, Esq.<br>LAW OFFICE OF<br>JERRY L. STEERING<br>4063 Birch Street, Suite 100<br>Newport Beach, CA 92660<br>jerrysteering@yahoo.com<br><br>(949) 474-1843<br>FAX (949) 474-1883 | |
| LEON J. PAGE, COUNTY COUNSEL<br>D. KEVIN DUNN, SR DEPUTY<br>333 West Santa Ana Blvd., Suite 407<br>Post Office Box 1379<br>Santa Ana, CA 92702-1379<br>Telephone: (714) 834-3300<br>Facsimile: (714) 834-2359<br><br>Email: kevin.dunn@coco.ocgov.com | Co-Counsel for Defendant<br>COUNTY OF ORANGE and<br>SHERIFF DON BARNES |
| Robert J. Herrington, Esq.<br>Alex L. Linhardt, Esq.<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East, Ste. 1900<br>Los Angeles, CA 90067-2121<br><br>(310) 586-7700<br>FAX (310) 586-7800<br><br>herringtonr@gtlaw.com<br>linhardta@gtlaw.com<br><br>Gregory A. Nylen, Esq.<br>Yoon Jee Kim, Esq.<br>GREENBERG TRAURIG, LLP<br>18565 Jamboree Road, Ste. 500<br>Irvine, CA 92612<br><br>(949) 732-6500<br>FAX (949) 732-6501<br><br>nyleng@gtlaw.com<br>kimjenni@gtlaw.com | Attorneys for Defendant<br>GLOBAL TEL*LINK<br>CORPORATION |

☐ **BY E-MAIL**: I caused the above-described document(s) to be transmitted to the offices of the interested parties at the e-mail addresses indicated.

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of

collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM:** On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☐ **BY EXPRESS MAIL OR "ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY":** I deposited such envelope in a box or other facility regularly maintained by the express service carrier at Irvine, California. The envelope was deposited with delivery fees provided for on a fully prepaid basis.

☐ **BY FACSIMILE TRANSMISSION:** This document was transmitted by facsimile transmission and such transmission was reported as complete and without error. The transmission report that was properly issued by the transmitting facsimile machine is attached to the conformed file copy of this document.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be hand-delivered to the office(s) of the addressee(s).

I DECLARE under penalty of perjury under the laws of the United States that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 27, 2020**, at Irvine, California.

        */s/ Connie B. Reinglass*
        Connie B. Reinglass