UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date | March 18, 2020 |
| Title | **Mark Moon, et al v. County of Orange, et al** | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motions</u> <u>to</u> <u>Dismiss</u>, <u>Strike</u>, <u>and for</u> <u>Leave</u> <u>to</u> <u>File</u> <u>an</u> <u>Amended</u> <u>Complaint</u>**

Before the Court are four motions.

First, Defendants County of Orange and Sheriff Don Barnes (together, "Defendants") filed a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). MTD, Dkt. No. 83. Plaintiffs opposed. Opp'n, Dkt. No. 91. Defendants replied. Reply, Dkt. No. 94.

Second, Defendants filed a motion to dismiss various plaintiffs and claims in the SAC pursuant to Federal Rule of Civil Procedure 21. Mot., Dkt. No. 84. Plaintiffs opposed. Opp'n, Dkt. No. 91. Defendants replied. Reply, Dkt. No. 94.

Third, Defendants moved, pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D), to strike the class action claims and allegations from Plaintiffs' SAC. Mot., Dkt. No. 85. Plaintiffs opposed. Opp'n, Dkt. No. 91. Defendants replied. Reply, Dkt. No. 94.

Fourth, Plaintiffs filed a motion for leave to file a Third Amended Complaint ("TAC"). Mot., Dkt. No. 97. Defendants opposed. Opp'n, Dkt. No. 101. Plaintiffs replied. Reply, Dkt. No. 105.

For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motion to dismiss pursuant to 12(b)(6), **GRANTS** the motion to dismiss pursuant to FRCP 21, **GRANTS** the motion to strike class allegations from the SAC, and

| | | |
|---|---|---|
| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 13 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date | March 18, 2020 |

| | |
|---|---|
| Title | **Mark Moon, et al v. County of Orange, et al** |

**DENIES** the motion for leave to file a Third Amended Complaint.[1]

## I. BACKGROUND

This lawsuit was first filed asserting claims under the Americans with Disabilities Act ("ADA") by Plaintiff Mark Moon ("Moon") on February 8, 2019.  Dkt. No. 1.  On April 4, 2019, Moon filed an amended complaint adding an additional fourteen Plaintiffs, eight causes of action, and class action allegations.  See Dkt. No. 14.  The complaint touched on a host of jail-related issues purportedly describing violations of prisoners' rights, including a lack religious access for prisoners, the grievance system, solitary confinement for prisoners with mental illness, the monitoring of prisoners' phone calls, and medical negligence.  See generally, id.

On May 24, 2019, Defendants filed motions to dismiss and strike.  MTD, Dkt. No. 36; MTS, Dkt. No. 37.  On July 19, 2019, the Court found that Plaintiffs did not have leave to file the amended complaint under Federal Rule of Civil Procedure 15(a), and struck the complaint from the record.  See Order, Dkt. No. 48.

Plaintiffs filed their FAC on September 9, 2019.  FAC, Dkt. No. 51.  The FAC added additional plaintiffs and causes of action addressing essentially the same issues as those in its stricken complaint.  See generally, id. Defendants filed motions to dismiss the FAC, parties, and strike class allegations on September 23, 2019.  Dkt. Nos. 59, 60, 61. On November 4, 2019, the Court granted in part and denied in part the motion to dismiss pursuant to Rule 12(b)(6) (dismissing all but one of the claims), granted the motion to dismiss pursuant to Rule 20 and 21, and granted the motion to strike the FAC's class allegations.  Order, Dkt. No. 74.

Plaintiffs filed their SAC on December 16, 2019.  Dkt. No. 77.

## II. LEGAL STANDARD

---

[1]  The Court vacated the March 16, 2020 hearing and allowed the parties to submit a request for oral argument.  Order, Dkt. No. 111.  Plaintiffs filed a request for oral argument (Dkt. No. 112), which the Court denies, finding that a hearing in this matter is unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-258 JVS (KESx) | Date | March 18, 2020 |
|---|---|---|---|

| Title | **Mark Moon, et al v. County of Orange, et al** |
|---|---|

## A.      Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action,  supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.   Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.  For purposes of ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678. (quoting Twombly, 550 U.S. at 555).

## B.      Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained."  Clark v. LG Electronics U.S.A., Inc., No. 13-cv-485 JM (JMA), 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013).  Further, Rule 23(d)(1)(D) provides that a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D); see also Tietsworth v. Sears, Roebuck and Co., 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)          Date   March 18, 2020

Title   **Mark Moon, et al v. County of Orange, et al**

23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."); Kay v. Wells Fargo & Co. N.A., No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007).  "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." Manning v. Boston Medical Center Corp., 725 F.3d 34, 59 (1st Cir. 2013) (citing Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011)).

"Although in some cases a district court should allow discovery to aid in the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied. . . ." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).  "Sometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action.  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982).

**C.     Federal Rules of Civil Procedure 21**

Plaintiffs are only properly joined if "they assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(1).  Under Rule 21, if a party is joined improperly, the Court may add or drop a party, or sever any claims against a party.

**III.  DISCUSSION**

**A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

**1.     Sheriff Don Barnes**

Defendants argue that Barnes should be dismissed because the SAC contains insufficient allegations to support an individual capacity suit against him.  Mot. at 9-11.

The SAC alleges that "Sheriff Barnes does not discipline or even reprimand his deputies for assaulting prisoners (e.g. named Plaintiff Anthony Powell, but similar allegations in other cases)."  SAC ¶ 20.  The SAC also asserts that Sheriff Barnes had "full knowledge" of the culture in the Orange County facilities and alleged constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                     Date   March 18, 2020

Title      **Mark Moon, et al v. County of Orange, et al**

rights violations there.

The Court agrees with Defendants that the allegations made against Barnes are conclusory.  Further, Plaintiffs do not adequately tether their general allegations of misconduct to Barnes in his individual capacity, or adequately allege that he personally participated in wrongdoing.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (plaintiff pursuing individual liability of a supervisor, such as the Sheriff, must allege facts showing their personal participation in wrongdoing).

Accordingly, the Court dismisses the claims against Barnes in his individual capacity.

### 2.      Jane Doe and Baby 3

This Court previously granted Defendants' motion to dismiss Plaintiffs Jane Doe and Baby 3.  Order, Dkt. No. 74.

Plaintiffs do not address these claims in their Opposition, effectively conceding Defendants' argument that they should be dismissed because they are vague and conclusory.  Mot. at 11-2.  And the class allegations in Plaintiffs' SAC do not address Jane Doe and Baby 3.

The Court grants Defendants' motion to dismiss Jane Doe and Baby 3 from the SAC.  Therefore, the Court also grants the motion to dismiss claim 13.  This dismissal is with prejudice, as the Court previously granted Plaintiffs an opportunity to correct the allegations regarding these plaintiffs, but Plaintiffs failed to do so.

### 3.      Compliance with Federal Rule of Civil Procedure 8

Defendants again argue that Plaintiffs' SAC fails to provide a short and plain statement of alleged wrongdoing.  Mot. at 12-14.  The Court agrees: much of the SAC is convoluted and incomprehensible.  The Plaintiffs fail to connect the allegations in claims eight through nineteen, which address individual plaintiffs, with discrete causes of action involving specific statutory or constitutional violations.  See SAC ¶¶ 140-339; McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Something labeled a complaint but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date | March 18, 2020 |

| | |
|---|---|
| Title | **Mark Moon, et al v. County of Orange, et al** |

written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). The Court previously dismissed the majority of these claims, but Plaintiffs appear to have copy and pasted those same claims into the SAC without curing the pleading defects the Court identified in its order.

Accordingly, the Court grants Defendants' motion to dismiss claims eight through nineteen for failure to comply with FRCP 8.

### 4. Exhaustion

Defendants argue that Plaintiffs have failed to establish that they exhausted their administrative remedies before filing their causes of action challenging prison conditions – the first, third, fourth, fifth, and sixth claims.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, "establishes standards for the entry and termination of prospective relief in civil actions challenging prison conditions." Miller v. French, 530 U.S. 327, 331 (2000); see also 18 U.S.C. § 3626(b)(1)(A); 42 U.S.C. §§ 1997e(a), (h). The PLRA "mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions.'" Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion is now required for all actions . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law.") (alterations and quotation marks omitted). The failure to exhaust administrative remedies operates as an affirmative defense to any action under the PLRA. Jones v. Bock, 548 U.S. 153, 199 (2007).

Here, Plaintiffs do not sufficiently allege in the SAC that they exhausted their administrative remedies under the PLRA. The SAC merely states conclusorily that "[a]dministrative remedies have been exhausted because there is no constitutional grievance system and the government code complied with." SAC ¶ 37; see also SAC ¶ 30 ("There is no functioning grievance system in the Orange County Jails."). Without any further factual support, this allegation is insufficient to plead exhaustion or the unavailability of administrative remedies. At a minimum, Plaintiffs should plead for each individual Plaintiff when and how s/he/they exhausted or a specific basis for excusing the failure to exhaust. Plaintiffs only do specifically cite grievance issues in regards to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                      Date   March 18, 2020

Title      **Mark Moon, et al v. County of Orange, et al**

Robert Ruiz.  See SAC ¶¶ 30, 109.

Accordingly, the Court grants the motion to dismiss the first, third, fourth, fifth, and sixth causes of action in the SAC challenging prison conditions for failure to plead exhaustion of administrative remedies.

### 4.      Telephone Calls

Plaintiffs' second cause of action is titled "telephone call violations by the class of all persons whose privacy rights were violated against all Defendants."  SAC ¶ 45-70. The claim challenges "the monitoring and/or recordation in the Orange County Jail . . . of 1) telephone calls between attorneys and clients or prospective clients . . . and 2) of class made by inmates who are representing themselves in propria persona. . . ."  Id. ¶ 46.  The SAC alleges generally that "information that has recently come to light that all confidential calls between inmates and attorneys, and all pro per calls, without exception, were recorded."  Id. ¶ 53.  The SAC also lists attorney and prisoner Plaintiffs in this action whom it alleges have had confidential phone calls monitored without their consent through the OCSD Jail regarding their criminal cases.  Id. ¶¶ 59-70.  Finally, the SAC alleges that this conduct amounts to violations the federal and California Constitutions, and the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 632, 636, 637, 637.2.  Id. ¶ 58.

Section 632 makes it a crime to

> intentionally and without the consent of all parties to a confidential communication, use[] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a . . . telephone. . . .

Cal. Pen. Code § 632(a).  "[C]onfidential communication[s]" must be

> carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   March 18, 2020

Title   **Mark Moon, et al v. County of Orange, et al**

> . in any . . . circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Id. § 632(c).  However, the section does not apply "to any telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility."  Id. § 632(e)(3).

Section 636 states:

> Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney . . . is guilty of a felony. . . .

Id. § 636(a).  Section 637 criminalizes willful disclosure of telephonic communications by persons who are not parties to the communication without permission.  Id. § 637.  Finally, § 637.2 allows for civil actions for violations of CIPA.  See id. § 637.2.

The only statute under which Plaintiffs could plausibly state a claim is § 636.  Notably, 15 Cal. Code Regs. § 3282(e) authorizes recording and monitoring of inmate calls, and § 3282(g) provides that "if a call is determined to be an attorney/inmate confidential phone call, in order for the inmate to place or receive the call it must have already received approval/clearance in accordance with subsections (g)(1), (g)(2) and (g)(4)."  15 C.C.R. § 3282(g).  The Complaint does not allege that the prisoners whose phone calls were recorded received approval for those calls to be confidential under these regulations.

However, on a motion to dismiss, the Court is to draw all plausible inferences in favor of Plaintiffs.  The Court finds it plausible that the County violated § 636 because the SAC alleges that the County knowingly and intentionally recorded "hundreds of thousands" of phone calls between prisoners and their attorneys, or prisoners representing themselves, which were confidential discussions about the prisoners' criminal cases.  See

CV-90 (06/04)                          **CIVIL MINUTES - GENERAL**                          Page 8 of 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   March 18, 2020

Title   **Mark Moon, et al v. County of Orange, et al**

SAC ¶¶ 53-54.  The SAC further alleges that it is possible that "all confidential calls" between inmates and attorneys were recorded, without exception.  Id. ¶ 53.  Based on the broad nature of the allegations, the Court finds that the County's alleged recording and monitoring of attorney-client and other confidential conversations plausibly states a claim for violations of CIPA under § 636 because the allegations cover inmate calls which were recorded even if approved as confidential under the California Code of Regulations.

The Court agrees with Defendants that the "Attorney Plaintiffs" (see SAC ¶¶ 59-62) lack standing to assert these claims.  See Mot. at 22.   As discussed below, the statutorily, and constitutionally protected interests of the right to privacy and the right to effective assistance of counsel belong only to the inmate-clients, not their attorneys.  See In re Grand Jury Proceedings, 87 F.3d 377, 381 (9th Cir. 1996) (the "attorney-client privilege exists for the benefit of the client, not the attorney"); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 527 (N.D. Cal. 1988) ("the attorney-client privilege is held by the client and may only be waived by the client").  Therefore, only the named, non-Attorney plaintiffs may assert claims under the second cause of action.

Accordingly, the motion to dismiss the second claim is granted as to the Attorney Plaintiffs, but denied as to the non-Attorney Plaintiffs.

### 5.    Punitive Damages

Punitive damages are not available against municipalities, counties or other governmental entities unless expressly authorized by statute.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259–71 (1981).  Moreover, under California Government Code § 818, public entities cannot be liable for punitive damages.  Cal. Gov't Code § 818; see also city of Glendale v. Superior Court, 95 Cal. App. 4th 1266, 1271 (2002).  Plaintiffs' Opposition does not address this point. Accordingly, to the extent the SAC seeks punitive damages from the County, such requests are stricken from the pleading with prejudice.

### B.    Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 21

The Court previously found that the Holt Plaintiffs were joined improperly and granted Defendants' motion to dismiss Adriana Holt, J.H., L.H., and Beatriz Lukens from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-258 JVS (KESx)                    Date  March 18, 2020

Title  **Mark Moon, et al v. County of Orange, et al**

the FAC, because their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the other Plaintiffs' claims.  See FRCP 20(a)(1); Order, Dkt. No. 74.  Plaintiffs did not remove this claim and these plaintiffs from the SAC.  The Court again grants Defendants' motion to dismiss these plaintiffs and the 18th claim, with prejudice.

As for the other plaintiffs mentioned in Defendants' motion, the Court finds that even if permissive joinder of these parties was proper, it would not comport with "principles of fundamental fairness" and would result in prejudice to Defendants.  See Visendi v. Bank of America, N.A., 733 F.3d 863, 870 (9th Cir. 2013) (internal quotation marks and citations omitted).  FRCP 20(a)(1) requires factual similarity in the allegations supporting Plaintiffs' claims, but such factual similarity is absent here.  See id. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs Ciera Stoetling, Baby 1, Sandra Quinones, Baby 2, Jane Doe, Baby 3, Anthony Powell, James Kilroy, Edward Barela, and Caroline Gibson from Plaintiffs' SAC pursuant to FRCP 20 and 21.

**C.    Motion to Strike Class Allegations**

Defendants move to strike Plaintiffs' class allegations from the SAC.  These classes consist of a "telephone class,"  See SAC ¶ 129, and a "prisoner equitable class," which "consists of all present and future prisoners in the Orange County jails," because "[t]he conditions of confinement, mental health and religious access classes are all prisoners."  See id. ¶ 125.

Plaintiffs define three telephone sub-classes.  The first consists of "[a]ll inmates whose calls to their attorneys were recorded or monitored."  Id. ¶ 71(1).  The second consists of "All pro per prisoners with 'unmonitored' call Court orders whose calls were recorded or monitored (all calls from the Orange County jail are recorded – this class is readily ascertainable from Court records of pro-per 'unmonitored class' orders), in violation of due process and privacy rights."  Id. ¶ 71(2).  The third consists of "All attorneys who believed their attorney client calls were not recorded or monitored, but actually were recorded or monitored (all calls being recorded) whose privacy, business relations and relations and reputation and future business relationships were harmed."  Id. ¶ 71(3).

The "telephone class" is also more broadly defined as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   March 18, 2020

Title     **Mark Moon, et al v. County of Orange, et al**

consisting of CIPA §636 violations of confidential calls for the two years before July 18, 2018 and; Violation of the California Privacy Act (California Constitutional Article 1) as to all calls recorded. This class is all prisoners in the Orange County jails for the two years before July 18, 2018 and their attorneys.

Id. ¶ 129.

Defendants argue that the telephone classes are "ill-defined" and have "so many problems that class certification is improbable." Mot. at 9. The Court agrees.

In regards to the first sub-class, the SAC alleges that OCSD maintained "a list of more than 1000 attorneys for the precise purpose of ensuring that their calls with inmates were not recorded or monitored." SAC ¶ 49. The SAC does not allege that the attorney-plaintiffs attempted to get on that list of attorneys, but rather that the attorneys were not aware of the list and/or advised of its existence. Therefore, as defined, the first subclass includes persons whose calls were never recorded or monitored, and who thus have no injury and no standing.

Moreover, the statutorily, and constitutionally protected interests of the right to privacy and the right to effective assistance of counsel belong only to the inmate-clients, not their attorneys. See In re Grand Jury Proceedings, 87 F.3d 377, 381 (9th Cir. 1996) (the "attorney-client privilege exists for the benefit of the client, not the attorney"); Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 527 (N.D. Cal. 1988) ("the attorney-client privilege is held by the client and may only be waived by the client"). Thus, the attorney-class does not have standing to assert a violation of the attorney-client privilege. See Evans v. Inmate Calling Solutions, No. 3:08-cv-00353-GMN-VPC, 2011 WL 7470336, at *10–11 (D. Nev. July 29, 2011) (recommending disposal of an attorney plaintiff's claims related to the recording and monitoring of inmate attorney-client phone calls because the attorney plaintiff lacked standing), adopted sub nom. Evans v. Skolnik, No. 3:08-CV-00353-GMN, 2012 WL 760902 (D. Nev. Mar. 7, 2012), aff'd, 637 F. App'x 285 (9th Cir. 2015).

And, Title 15 of the California Code of Regulations § 3282(e) provides that "[a]ll inmate calls placed on intrafacility and inmate telephones may be subject to monitoring and recording at any time by institution staff," and provides that "if a call is determined to be an attorney/inmate confidential phone call, in order for the inmate to place or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   March 18, 2020

Title   **Mark Moon, et al v. County of Orange, et al**

receive the call it must have already received approval/clearance in accordance with subsections (g)(1), (g)(2) and (g)(4). 15 Cal. Code Regs. § 3282(e), (g)."  Therefore, it requires an individualized determinations as to each putative class member whether each attorney-inmate phone call was approved as confidential.  The Court may strike the subclass allegations on this basis.  See Sanders, 672 F. Supp. 2d at 991; Mantolete, 767 F.2d at 1425 (affirming dismissal of class allegations because any determination about the propriety of relief required a "case-by-case adjudication" necessitating "an inquiry into the individual's . . . history as well as an inquiry into other factors" bearing on the claim at issue).

Plaintiffs do not identify any constitutional right of pro per inmates to make investigatory or preparatory phone calls in their cases without monitoring or recording. Therefore, Plaintiffs have not identified any cognizable harm to the putative members of the second proposed subclass, and therefore this subclass is also stricken from the SAC.

Furthermore, no class may be certified if it includes members that lack standing. See Mazza v. American Honda Motor Co., Inc., 666 F.3d 581, 594 (9th Cir. 2012).  As explained above, this defect is plain from the pleadings; therefore, the Court strikes the class allegations regarding the first proposed subclass.  See, e.g., Rasmussen v. Apple Inc., 27 F. Supp. 3d 1027, 1146 (N.D. Cal. 2014) (striking class allegations, explaining that "the definition is overbroad as it includes within the class individuals who have not experienced any issue"); Sanders, 672 F. Supp. 2d at 991 (striking class allegations because the class definition included "individuals who suffered no damages"); see also Otto v. Abbott Labs., Inc., No. 5:12-CV-01411-SVW-DTB, 2015 U.S. Dist. LEXIS 56121, at *5–8 (C.D. Cal. Jan. 28, 2015) (granting defendant's motion to reject a class "because the proposed class includes a substantial number of people who have no claim under the theory advanced by the named plaintiff").

Finally, Defendants argue that class allegations regarding conditions of confinement, the ADA, and religious access should also be stricken from the SAC.  Mot at 15-16.  The Court agrees that the basis to proceed on a class basis is insufficiently articulated.  Therefore, the non-telephone-call related class allegations are also stricken from the pleading.

In sum, the motion to strike is granted without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   March 18, 2020

Title   **Mark Moon, et al v. County of Orange, et al**

**D.    Motion for Leave to File Third Amended Complaint**

Local Rule 7-3 requires that the parties "meet and confer" in advance of filing such a motion "to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution."  (Italics supplied.)  The conference must occur at least seven (7) days prior to the filing of the motion.  Id.  In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]."

There are no documents containing the required statement in Plaintiffs' motion for leave to file a Third Amended Complaint.  See Dkt. No. 97.  Accordingly, the motion is ordered off calendar.  The March 16, 2020  hearing is vacated.  Fed. R. Civ. P. 78; L.R. 7-15.  The motion may be re-noticed for a new date provided the renewed motion is accompanied by a declaration that establishes compliance with Local Rule 7-3.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motion to dismiss pursuant to 12(b)(6).  The motion is denied as to the second claim, and granted as to all other claims asserted in the SAC.  The motion is granted without prejudice, and with leave to amend.  Plaintiffs are granted thirty (30) days leave to amend their pleading to address the deficiencies identified in this Order.

The Court also **GRANTS** the motion to dismiss pursuant to FRCP 21, **GRANTS** the motion to strike class allegations from the SAC, and **DENIES** the motion for leave to file a Third Amended Complaint.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |