Richard P. Herman  SBN: 053743
PRISONERS RIGHTS UNION
P. O. Box 53114
Irvine, CA 92619
Telephone: 714-547-8512
Facsimile:   949-209-2693
Email:rherman@richardphermanlaw.com

Nicholas P. Kohan    SBN: 257134
KOHAN & BABLOVE LLP
1101 Dove Street  Ste 220
Newport Beach, CA 92660
Telephone: 949-535-1341
Facsimile:  949-535-1449
Email:  nkohan@dkblawyers.com

Jerry L. Steering SBN: 122509
LAW OFFICE OF JERRY STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: 949-474-1843
Facsimile:  949-474-1883
Email: jerrysteering@yahoo.com

*Attorneys for Plaintiffs, on behalf of themselves and others similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Mark Moon, Robert Ruiz, Gary Figueroa, Jonathan Tieu, Johnny Martinez, Julio Dorantes ,Walter Cole, Ronald McGregor, Stephen Bartol, and others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br>County of Orange, a Governmental Entity; and  GTL AKA GTL Holdings Inc ,A Corporation, and DOES 1-500.<br><br>         Defendants. | CASE NO: 8:19CV-00258 JVS (DFMx)<br><br>Assigned for all Purposes:<br>Honorable James V. Selna<br><br>**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT** |

PLAINTIFFS' REQUEST FOR ORAL ARGUMENT
1

## 1.

## <u>INTRODUCTION</u>

There is need for dialogue with the Court. While it is not the function of this Court to manage the Orange County jail it is the function of this Court to enforce the constitution and laws which protect the prisoners in the Orange County jail where the constitution and laws so require.

## 2.

## <u>DON'T THROW OUT THE BABY WITH THE BATHWATER</u>

During the oral argument in **<u>Pierce v. County of Orange</u>** the judge asked " why should we thrown out the baby with the bathwater?" The reference was to **<u>Stewart v. Gates</u>** and the Stewart orders. The Stewart orders were appended to the **<u>Pierce</u>** opinion. That is **<u>Stewart v. Gates</u>** remain the constitutional minimum protections for jail prisoners, specifically in the Orange County jail.

Among those constitutional protections are religious access and visits including the most difficult prisoners. There is now no religious access and no visits for anyone.

The response to grievances is that no religious access or visits will be provided.  Defendants now say there is no COVID-19 in the jail (no masks, no cleaning supplies (!)). Some religious access and visits should now be provided.

The Court should not micromanage. This is the lesson of **<u>Barnes v. Ahlman</u>**

but the **Stewart** requirements of Religious Access and visits, and the best efforts of Defendants to provide them is the lesson of **Pierce**.

This motion is pending. This much of the complaint e.g. **Stewart v. Gates** issues of Religious Access and visits should be retained.

## 3.

## INDIVIDUAL CLAIMS

During oral argument in Salazar Judge Paez opined that the operative complaint stated a sufficient claim (the appeal was for leave to amend). Plaintiffs are more secure in their belief that the individual damage claims state a claim, even under TWIQIBAL.

Julio Dorantes pleads, inter alia; "On November 16, 2019 in the Theo Lacy Facility of the Orange County jails Deputy T. Carillo sexually assaulted him by squeezing his testicles, and inserting a finger in his anus and commenting on his genitals…Plaintiff Julio Dorantes, filed a claim for damages against the County of Orange, pursuant to the California Tort Claim Act, Cal. Gov't Code §900 et seq, within the statutory time frame". **FAC Paragraph 167.**

Julio Dorantes has been released from the Orange County jails. His claim is no longer under the PLRA.

Do we allow this case to proceed as part of Moon since it is also evidence of fear of violence (the universal Orange County jail Bane Act claim). Do we find this

dismissed as misjoinder, or, as the County would have it on the merits (!) although the merits have never been reached.

It is necessary to clarify that any dismissal of the individual claims is not on the merits (collateral to the merits) since " dismissal of a complaint, in its entirety, for improper joinder is not proper. **Williams v. California Department of Corrections**, 467 Fed.App.672 at 674 (9th Cir. 2012), citing Fed. R. Civ. P.21 (misjoinder of parties is not a ground for dismissing an action).

**4**.

## **EVOLUTION OF CLASS ACTIONS**

This case was always framed as a class action with, at least the individual named Plaintiffs seeking damages. See, for instance **Pierce v. County of Orange**. Like **Pierce** this started on one issue and evolved into many, amazingly like Pierce, including **Stewart v. Gates** issues. The Court granted leave to file an amended complaint, submitted along with a motion to file that complaint including most (more than? Because there were many more individual Plaintiffs) the present Fourth Amended Complaint.

**5**.

## **TELEPHONES**

The Court overruled the 12(b)6 of GTL as statutorily protected phone calls. GTL continued to file the same motion to dismiss in spite of this Courts order. The

earlier order denying the GTL  12(b)6 on narrow grounds should stand.

More importantly Plaintiffs believe that California law will be that a jury will decide the scope of the privacy standard of all persons involved in telephone calls with prisoners, including all parties to attorney client calls and all parties to calls with grandmothers. The technical way to decide this issue is appeal to the Ninth Circuit and a request for a California Supreme Court opinion. An example is **Hayes v. County of San Diego**, 57 Cal.4th 622 on the certified question.

"Tactical conduct and decisions preceding the use of deadly force are relevant considerations under California Law in determining". **Id. at p. 639**.

Plaintiffs would expect the California Supreme Court to find the tort liability for invasion of privacy in telephone calls to rest on jury decision similarly to the answer in **Hayes**.

**6.**

**CONCLUSION**

The operating complaint should consist of the Stewart issues, ADA and Bane Act and the individual claims; Introduction, paragraphs 1-76, 90 (Coleman issues), 96, 97, 117-124 (Bane Act), 157-183 individual claims and the prayer except for item II.

PLAINTIFFS' REQUEST FOR ORAL ARGUMENT
5

DATED: September 9, 2020                    Respectfully submitted,

_____
RICHARD P. HERMAN
Prisoners Rights Union
NICHOLAS KOHAN
JERRY STEERING
ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the aforesaid County of Orange, State of California;

I am over the age of 18 and not a party to the within action; my address is P. O. Box 53114, Irvine, California 92619. On September 9, 2020, I served the foregoing document, described as **Plaintiff's Oral Argument Memo on** the interested parties in this action. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Leon J. Page, County Counsel
D. Kevin Dunn, Senior Deputy (SBN 194604)
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359
Email: kevin.dunn@coco.ocgov.com

Gregory A. Nylen
Greenberg Traurig LLP
18565 Jamboree Road Suite 500
Irvine, CA 92612
Telephone: (949) 732-6504
Facsimile:  (949) 732-6500
Email:nyleng@gtlaw.com

Zachary Schwartz Esq
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza Suite 1500
Irvine, CA 92614-8558
Telephone: 949-864-3400
Facsimile:  949-864-9000
Email:zachary.schwartz@knchlaw.com

   (X)     BY EMAIL: I caused all of the pages of the above-entitled document to be sent to the recipient noted at their email address indicated.

   (X)    I declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the above is true and correct.  Executed on September 9, 2020 in Rancho Santa Margarita, California.

_Yesenia Chan_
_____
          Yesenia Chan

PROOF OF SERVICE 1