JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-258 JVS (KESx)                    Date    Sept. 18, 2020

Title       Mark Moon et al. v. County of Orange et al.

Present: The
Honorable        **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **[IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>to</u> <u>Dismiss</u> <u>and</u> <u>Motions</u> <u>to</u>
<u>Strike</u>**

Before the Court are four motions.

Defendant Global Tel*Link Corporation ("GTL") moves to dismiss the Fourth
Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil
Procedure 12(b)(6).  MTD, ECF No. 180.  GTL also moves to strike the class allegations
in the FAC.  MTS, ECF No. 181.

Defendant County of Orange ("the County") also moves to dismiss the FAC for
failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  MTD, ECF. No.
182.  The County also moved to strike the FAC.  MTS, ECF No. 183.

Plaintiffs filed a consolidated opposition to all four motions.  Opp'n, ECF No. 191.

GTL filed a consolidated reply.  Reply, ECF No. 192.  The County also filed a
consolidated reply.  Reply, ECF No. 193.

For the following reasons, the Court **GRANTS** the motions to dismiss **with
prejudice** and **DENIES AS MOOT** the motion to strike.

**I. BACKGROUND**

This lawsuit was first filed asserting claims under the Americans with Disabilities
Act ("ADA") by Plaintiff Mark Moon ("Moon") on February 8, 2019.  ECF No. 1.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   Sept. 18, 2020

Title      Mark Moon et al. v. County of Orange et al.

On April 4, 2019, Moon filed an amended complaint adding an additional fourteen Plaintiffs, eight causes of action, and class action allegations. See ECF No. 14. The complaint touched on a host of jail-related issues purportedly describing violations of prisoners' rights, including a lack religious access for prisoners, the grievance system, solitary confinement for prisoners with mental illness, the monitoring of prisoners' phone calls, and medical negligence. See generally, id.

On May 24, 2019, Defendants filed motions to dismiss and strike. MTD, ECF No. 36; MTS, ECF No. 37. On July 19, 2019, the Court found that Plaintiffs did not have leave to file the amended complaint under Federal Rule of Civil Procedure 15(a), and struck the complaint from the record. See Order, ECF No. 48.

Plaintiffs filed their First Amended Complaint on September 9, 2019. FAC, ECF No. 51. The First Amended Complaint added additional plaintiffs and causes of action addressing essentially the same issues as those in its stricken complaint. See generally, id. The First Amended Complaint added GTL as a defendant.

Defendants filed motions to dismiss the First Amended Complaint, parties, and strike class allegations on September 23, 2019. ECF Nos. 59, 60, 61. On November 4, 2019, the Court granted in part and denied in part the motion to dismiss pursuant to Rule 12(b)(6) (dismissing all but one of the claims), granted the motion to dismiss pursuant to Rule 20 and 21, and granted the motion to strike the First Amended Complaint's class allegations. Order, ECF No. 74.

Plaintiffs filed their Second Amended Complaint ("SAC") on December 16, 2019. ECF No. 77. On March 18, 2020 the Court granted in part and denied in part Defendants' motion to dismiss pursuant to 12(b)(6), granted Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 21, granted the motion to strike class allegations from the SAC, and denied Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC") based on a lack of compliance with Local Rule 7-3. ECF No. 113.

On March 31, 2020, Plaintiffs filed their TAC. ECF No. 123. On June 10, 2020 the Court dismissed the TAC dismissing the claims brought by the Attorney Plaintiffs (Stephen Bartol, Walter Cole and Ronald MacGregor) for lack of standing and the claim

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                     Date   Sept. 18, 2020

Title   Mark Moon et al. v. County of Orange et al.

under Section 632 with prejudice.  ECF No. 166.  The Court dismissed without prejudice the claims against GTL for failure state a claim for adequate relief and the claims against the County for failure to comply with Federal Rule of Civil Procedure 8.  Id.  On July 20, 2020, Plaintiffs filed the FAC which contains sixteen claims and now adds allegations concerning the treatment of prisoners in the Orange County jail during the Covid-19 pandemic.

## II. LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action,  supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.  For purposes of ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678. (quoting Twombly, 550 U.S. at 555).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   Sept. 18, 2020

Title   Mark Moon et al. v. County of Orange et al.

### B.   Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained." Clark v. LG Electronics U.S.A., Inc., No. 13-cv-485 JM (JMA), 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013). Further, Rule 23(d)(1)(D) provides that a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D); see also Tietsworth v. Sears, Roebuck and Co., 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."); Kay v. Wells Fargo & Co. N.A., No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." Manning v. Boston Medical Center Corp., 725 F.3d 34, 59 (1st Cir. 2013) (citing Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011)).

"Although in some cases a district court should allow discovery to aid in the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied. . . ." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). "Sometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982).

### III. DISCUSSION

### A.   GTL's Motion to Dismiss

#### 1.   Claims That Had Already Been Dismissed With Prejudice

This Court has previously dismissed with prejudice claims brought by the Attorney Plaintiffs (Stephen Bartol, Walter Cole and Ronald MacGregor) for lack of standing and the claim under Section 632. 6/10/20 Order at 5-6, ECF No. 166. Nonetheless, these

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date | Sept. 18, 2020 |
| Title | Mark Moon et al. v. County of Orange et al. | | |

claims have been brought again in the FAC.  Plaintiffs do not address this in their opposition.  These claims having already been **DISMISSED with prejudice** are stricken from the FAC and counsel is **ordered to show cause within 14 days** why the Court should not sanction them for once again bringing these claims.

### 2.    The CIPA and Invasion of Privacy Claims

The Court previously dismissed Plaintiffs claims against GTL alleging violations of CIPA § 636 for recording or monitoring calls.  6/10/20 Order at 6-7.  GTL argues again that the claim should be dismissed because Plaintiffs (1) impliedly consented to having their calls monitored or recorded, and (2) had no reasonable expectation of privacy based on the repeated warnings that their calls may be monitored or recorded.  MTD,14-18.  GTL notes that the FAC does not add any new facts or substantive allegations.  Id. at 14.  GTL also argues that Plaintiffs invasion of privacy claims are time barred.  Id. at 19-21.  Plaintiffs' response to this is that "all phone calls are regarded by their participants as private" without addressing binding precedent cited by GTL in their motion.  See Opp'n 22-23 (emphasis in original).  Plaintiffs do not provide any case law addressing GTL's arguments other than to address the timeliness of the claims) or address them substantively thereby conceding GTL's arguments.  See  Id.

CIPA § 636 criminalizes eavesdropping or recordings of conversations by means of an electronic device by a person in custody of a law enforcement or other public officer.  CIPA § 637 criminalizes willful disclosure of telephonic communications by persons who are not parties to the communication without permission.  Id. § 637.  Finally, § 637.2 allows for civil actions for violations of CIPA. See id. § 637.2.  However, 15 Cal. Code Regs. § 3282(e) authorizes recording and monitoring of inmate calls, and § 3282(g) provides that "if a call is determined to be an attorney/inmate confidential phone call, in order for the inmate to place or receive the call it must have already received approval/clearance in accordance with subsections (g)(1), (g)(2) and (g)(4)."  15 C.C.R. § 3282(g).

In their prior iteration of the complaint, Plaintiffs did not allege that prisoners whose phone calls were recorded had received approval for those calls to be confidential under California regulations.  Here again, Plaintiffs have again not alleged that prisoners had received such approval.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-258 JVS (KESx)                    Date    Sept. 18, 2020

Title    Mark Moon et al. v. County of Orange et al.

 

Furthermore, "[s]o long as a prisoner is given meaningful notice that his telephone calls over prison phones are subject to monitoring, his decision to engage in conversations over those phones constitutes implied consent to that monitoring." People v. Kelley, 103 Cal. App. 4th 853, 858, 127 Cal. Rptr. 2d 203, 206 (2002), overruled on other grounds by People v. Windham, 145 Cal. App. 4th 881, 51 Cal. Rptr. 3d 884 (2006). A "recorded warning heard by the inmate through the telephone receiver, prior to his or her making the outbound telephone call . . . is precisely the sort of notice previously found sufficient to hold that a prisoner has impliedly consented to monitoring." Id. at 859 (internal citations and quotations omitted). Furthermore, there is no expectation of privacy where a "prerecording clearly advise[s a] Plaintiff that his conversation was being monitored and recorded." Steele v. County of San Bernardino, 2009 U.S. Dist. LEXIS 125000, *45. Here, Plaintiffs acknowledge in their own complaint that they heard recorded notices advising that the calls could be recorded or monitored. FAC ¶¶ 147-155. As pled then, Plaintiffs fail to state a claim under CIPA against GTL that gives rise to a claim for relief. The Court declines to reach the arguments concerning whether the claims are time barred.

Accordingly, these claims are again **DISMISSED with prejudice**.

**B.    GTL's Motion to Strike**

Because the Court has granted GTL's motion to dismiss, the motion to strike is **moot**.

**C.    The County's Motion to Dismiss**

**1.    Compliance with Rule 8**

The Court previously dismissed the TAC for failure to comply with Rule 8 and warned Plaintiffs that they must "connect the substantive, constitutional and statutory violations with individual plaintiffs in a clear, easy to follow manner, and that if the defects are not cured, the Court" would be highly unlikely to grant further leave to replead. 6/10/20 Order at 7-10.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   Sept. 18, 2020

Title   Mark Moon et al. v. County of Orange et al.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (emphasis supplied) (internal quotations and citations omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."[1] Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso, 637 F.3d at 1058, 1059 (citation and internal quotation marks omitted) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise."); see also McHenry, 84 F.3d at 1177 (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A court may dismiss a complaint even if "a few possible claims" can be identified and the complaint is not "wholly without merit." McHenry, 84 F.3d at 1179

---

[1] The Ninth Circuit has provided specific policy reasons for dismissing complaints that are too lengthy:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges . . . . Defendants are . . . put at risk that. . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir. 1996)).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-258 JVS (KESx)                    Date   Sept. 18, 2020

Title       Mark Moon et al. v. County of Orange et al.

(stating that Rule 8's requirements apply "to good claims as well as bad"); see also Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130–31 (9th Cir. 2008).

Nevertheless, a court may not dismiss a complaint for violating Rule 8 simply because it is verbose or lengthy. See Hearns, 530 F.3d at 1131–32. For instance, an inartfully drafted complaint can satisfy Rule 8 if it is logically organized, clearly delineates each of the specific claims, and the defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Id. at 1132. Therefore, dismissal pursuant to Rule 8 is generally appropriate only when a lengthy complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." Id. at 1131.

The County argues that the FAC still fails to comply with Rule 8, because Plaintiffs yet again fail to provide a short and plain statement clearly setting forth their claims, instead making vague and general assertions and critiques over the Orange County jails. MTD at 9-13. The County notes that instead of remedying the deficiencies in the TAC, Plaintiffs now attempt to add new claims and theories focusing on the Covid-19 pandemic. Id. at 10.

The Court agrees with the County that they have been forced to defend this action with a "constant moving target" given that Plaintiffs have on multiple occasions changed the theory of their case and their claims. See MTD, 10. The Court notes that it did not grant Plaintiffs leave to file new claims or to change the focus of this action. Instead the Court has continually directed Plaintiffs to remedy noted deficiencies in their complaint.

The Court also agrees that the FAC remains as confusing and convoluted as it has in each prior iteration. Plaintiffs boldly write in their opposition that it is "probably better to deal with the ever changing fluid factual situations in the Orange County jail . . . . by striking matter the Court finds excessive but retaining an 'operative complaint.'" Opp'n, 6, 10. But just as "[j]udges are not like pigs, hunting for truffles buried in briefs[,]" the Federal Rules of Civil Procedure do not contemplate that Courts will make a proper complaint out of an incomprehensible one written in a stream-of-consciousness form on behalf of a plaintiff, especially one represented by counsel. See Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994) (citation omitted).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-258 JVS (KESx)                    Date    Sept. 18, 2020

Title    Mark Moon et al. v. County of Orange et al.

Furthermore, after reviewing the FAC in detail, the claims remain largely conclusory and devoid of sufficient facts that support the allegations.  The FAC continues to fail to connect claims regarding individual plaintiffs (eleven through sixteen), with the claims involving statutory or constitutional violations.  See McHenry, 84 F.3d at 1179-80 ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").  The Court cannot manage the litigation "without knowing what claims are made against whom."  See id.  Taking for example the second claim for denial of religious access or religious diets, the FAC does not specify which plaintiffs were denied religious access or a religious diet, or when such incidents occurred.  Instead there is a general allegation that no religious access of any kind has been provided as a result of the "coronavirus lockdown" and that religious diets were replaced by sack lunches.  See FAC, ¶ 50.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the TAC for failure to comply with Rule 8.

### D.    The County's Motion to Strike

The motion to strike is **moot** given that the Court has granted the County's motion to dismiss.

### E.    Leave to Amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date | Sept. 18, 2020 |

| | |
|---|---|
| Title | Mark Moon et al. v. County of Orange et al. |

the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, Plaintiffs have had five opportunities to amend their complaint and the Court has spent significant time drafting its orders and given Plaintiffs a road map to address their deficiencies several times. See Orders at ECF Nos. 74, 113, 166. Plaintiffs have shown disregard for the Court's orders by including in the FAC and other iterations of the complaint claims that this Court's prior orders dismissed with prejudice. Defendants have been significantly prejudiced by having to expend resources re-litigating issues that had already been brought before the Court and dismissed with prejudice. Furthermore, Defendants have been prejudice by the constantly evolving and changing theory of the case brought by Plaintiffs that amount to a moving target. Ultimately Defendants were never given true notice of the claims against them. Like in Salazar v. Cty. of Orange, 564 F. App'x 322, 323 (9th Cir. 2014), the various iterations of Plaintiffs' complaint has left "Defendants" guessing as to which claim was brought against them."

Accordingly, the Court **DENIES** Plaintiffs leave to amend their pleading.

**IV. CONCLUSION**

Plaintiffs submitted a request for oral argument on this motion. ECF No. 195. Defendants opposed. ECF Nos. 198, 199. Having considered the request, the Court finds that arguments were adequately presented in the briefing papers and **DENIES** the request.

For the foregoing reasons, the Court **GRANTS** the motions to dismiss **with**

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 19-258 JVS (KESx) | Date   Sept. 18, 2020 |
| Title | Mark Moon et al. v. County of Orange et al. | |

**prejudice** and **DENIES AS MOOT** the motions to strike. The Court finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for September 8, 2020, is ordered **VACATED**. Having dismissed the complaint with prejudice, the Court also **DENIES AS MOOT** the motion for an order providing prisoners in the Orange County Jail with religious access as moot. ECF No. 194.

        **IT IS SO ORDERED.**

|  |  : |  0 |
|---|---|---|
| Initials of Preparer | lmb | |