Richard P. Herman  SBN: 053743
PRISONERS RIGHTS UNION
P. O. Box 53114
Irvine, CA 92619
Telephone: 714-547-8512
Facsimile:   949-209-2693
Email:rherman@richardphermanlaw.com

Nicholas P. Kohan    SBN: 257134
KOHAN & BABLOVE LLP
1101 Dove Street  Ste 220
Newport Beach, CA 92660
Telephone: 949-535-1341
Facsimile:  949-535-1449
Email:  nkohan@dkblawyers.com

Jerry L. Steering SBN: 122509
LAW OFFICE OF JERRY STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: 949-474-1843
Facsimile:  949-474-1883
Email: jerrysteering@yahoo.com

*Attorneys for Plaintiffs, on behalf of themselves and others similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Mark Moon, Robert Ruiz, Gary Figueroa, Jonathan Tieu, Johnny Martinez, Julio Dorantes ,Walter Cole, Ronald McGregor, Stephen Bartol, and others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>County of Orange, a Governmental Entity; and  GTL AKA GTL Holdings Inc ,A Corporation, and DOES 1-500.<br><br>　　　　　Defendants. | CASE NO: 8:19CV-00258 JVS (DFMx)<br><br>Assigned for all Purposes:<br>Honorable James V. Selna<br><br>**PLAINTIFFS' MEMORANDUM RE: SANCTIONS**<br><br>Complaint Filed: 02/08/19<br><br>Date: October 5, 2020<br>Time: 1:30p.m.<br>Ctrm: 10C |

PLAINTIFFS MEMO RE SANCTIONS
1

## 1.

## **WHY**

The Court is concerned that the attorney Plaintiffs have not been dropped. This is strictly to preserve their claims, and the class claims on appeal, which eventually along with jury trial is where the telephone claims will be decided. This is not an easy process e.g. **Hayes** and Plaintiffs need to have a record for the appellate court e.g. **Cruz v. City of Anaheim** (" for reasons not clear from the record") 765 F.3d 1076, 1078 (9th Cir. 2014).

## 2.

## **JAIL CLASS ACTIONS**

The work expended on an individual civil rights damage claim is not much less than a class action. The addition is an expert on jail procedures.

Other than the most serious cases, wrongful death, brain damage or paralysis, jail injuries are not pursued by civil rights lawyers in Orange County.

Nor is there follow up to **Stewart v. Gates** after **Pierce**, that is for the last decade even though, today, there is no religious access in spite of Defendants (secret) memo that "effective September 8, 2020 religious services will resume".

It is their nature for jail class actions to change over time. Pierce started out seeking releases directly from the courtroom, the LA County procedure (in "LA County Whites"). It became a significant ADA case, also enforced Stewart

religious access and exercise and obtained two sets of individual damages for named Plaintiff Timothy Conn. As claims developed in this case, as more information became available the claims changed and have to be preserved on appeal.

**3.**

**<u>TELEPHONES</u>**

The fundamental issue is whether "a jury… might find the intrusion highly offensive" **<u>Opperman v. Path</u>**, 205 F.Supp 3d 1064 (M.D.Cal.2016). Another case found inmates <u>and their lawyers</u> stated a claim. **<u>Romero v. Securus Technologies</u>**, 216 F.Supp.3d 1078 (SD Cal.2016) (attorney-former prisoner calls- while incarcerated) (attorney protecting <u>his own</u> privacy rights).

Privacy is not an "all or nothing" matter. Why should grandmothers telephone call from a prisoner be recorded, listened to by sheriff's deputies and given to the district attorney to aid in prosecuting grandson (maybe or maybe not innocuous and just curious). **<u>In re Facebook</u>**, 402 F.Supp.3d 767 (N.D. Cal.2019) (privacy not " all or nothing") much less an attorney client call.

Plaintiffs analysis was that the eventual resolution of the "claims" issue would be by the Ninth Circuit similar to the procedure in **<u>Hayes v. County of San Diego</u>**, 736 F.3d 1223 (8th Cir. 2013) (Adopting the California Supreme Courts answer at 57 Cal.4th 622, 2013).

PLAINTIFFS MEMO RE SANCTIONS

Lead counsel was very aware of **Hayes** since this was an issue in **Cruz v. City of Anaheim** and the police practices expert, Warren Clark, was the same in both cases.

The technical way to dream why to decide this issue is appeal to the Ninth Circuit and a request for a California Supreme Court Opinion. An example is **Hayes v. County of San Diego**, 57 Cal.4th 622 (2013) on the certified question from the Ninth Circuit holding.

" Our response to the Ninth Circuit's question on an issue of state law, as restarted by this Court, is this: Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force rise to negligence liability". **Id. at p. 639**.

Plaintiffs would expect the California Supreme Court to find the tort liability for invasion of privacy in telephone calls to rest on jury decisions similarly to the result in **Hayes**.

It is necessary to make a record of the District Courts thoughts. In **Cruz v. City of Anaheim**, a motion to amend was withdrawn, losing the right to review. **Cruz**, 765 F.3d 1076, 1078 (9th Cir. 2014) (reasons not clear from the record).

PLAINTIFFS MEMO RE SANCTIONS
4

**4**.

## <u>THE PROBLEM OF SERIAL 12(b)(6) MOTIONS</u>

Plaintiffs have raised the problem of serial 12(b)6 motions which basically deprived Plaintiffs of an operative complaint and a preliminary injunction on grievances.

In addition, just now, it deprived Plaintiffs of an operative complaint for a religious access orders even though the "inmate religious services" memorandum of jail Commander Balicki recites " effective September 8, 2020 religious services will resume…" yet no Religious Services have yet (October 1, 2020) been provided memo is " Ex A-2" to Defendants opposition to preliminary injunction.

Plaintiffs suggested one method, that is to strike paragraphs, as the Ninth Circuit has suggested; " Many or all of the paragraphs from 33 through 207 of the FAC, covering 38 pages, could have been stricken. Alternatively, the judge could have excused Defendants from answering those paragraphs." <u>**Hearns v. San Bernardino Police Dept**</u>, 530 F.3d 1124, 1132 (9th Cir. 2008).

There is also another approach which was taken by the District Judge in the multidistrict Facebook litigation; " The conventional approach in a situation like this might be to sift through the complaint to try to identify each distinct claim, then dismiss with leave to amend all claims that are not adequately articulated. But that approach would likely result in many more rounds of motions to dismiss,

bogging the case down at the pleading stage for years. In the interest of preventing that from happening to this multidistrict litigation, this ruling focuses on what the Court understands to be the Plaintiffs' core allegations about Facebook's handling of sensitive user information. Claims based on these core factual allegations will largely survive the motion to dismiss. All other prioritize claims not addressed by this ruling will be stayed (effectively, relegated to non-prioritized status) and adjudicated, if necessary, at a later stage in the proceedings with the other non-prioritized claims". **In re Facebo**ok, 402 F.Supp.3d 767, 779 (ND. Cal.2019).

This Court, unfortunately, took the conventional approach " bogging the case down at the pleading stage".

Although for some Plaintiffs and some issues, such as all the telephone issues, preservation of all claims was important,  on other core issues, **Stewart v. Gates** religious access, acceptance of Defendants representation that "effective September 8, 2020 religious services will resume" when in fact as of October 1, 2020 they have not, is a victim to the Defendants serial 12(b)6 technique.

This technique requires Plaintiffs to preserve all claims since, even in 2020 new other evidence of recording attorney client conversations, including attorney-client conversations regarding this case came to light. (Letter recording attorney client conversations of Richard P. Herman in 2020!)

5.

## CONCLUSION

It has been difficult to understand the Court's wishes. The Court gave leave to file the First Amended Complaint which contained many more named Plaintiffs than the present complaint and most of the issues.

The Court was about to issue a grievance preliminary injunction, but for 12(b)6 issues then denied the exact same relief when an operative complaint was available.

The Court denied the 12(b)6 on a smidgen of the telephone claims but did so based on a method of attorney client calls required in State Prison, where an attorney must be added to a call list for each specific prisoner, but infrequently used in County jails (although a sub class smidgen of such use is probable).

The Court did not alter this view in spite of new information and legal views provided to the Court and the changing perceptions of Plaintiffs counsel. This meant that all the telephone issues had to be preserved on appeal.

During the mediation which County Defendants requested and then refused to participate, Judge Colaw was amazed that Defendants were recording "grandmom's" phone calls from grandson in the Orange County jail. This fits with the analysis of whether " a jury …might find the intrusion highly offensive".

**Opperman v. Path** (supra). This is a far more tenuous claim that attorney client

conversations, universally thought to be privileged and private where the privilege belongs to the client but the attorney is "defending his rights". **Romero, supra** at 216 F.Supp.3d 1078 FN 4 (allowing all Plaintiffs, including attorneys to state a CIPA claim and a negligence claim, §17200 claim, fraudulent concealment / omission , and unjust enrichment).

Plaintiffs then learned recently, that Defendants were, in 2020, recording the attorney-client telephone calls of Plaintiffs lead counsel in this litigation of call about this litigation!

This is more confusion than sanctionable conduct. GTL has used the same defense since day one (and in the earlier State and Federal law suits brought by other counsel). The Court has not analyzed the new claims of Plaintiffs. Unfortunately this leaves Plaintiff with their record on appeal but only the representation of Religious Access and in reality the monitoring of all phone calls (buses to State Prison have resumed).

Plaintiffs are sorry they were confused and very sorry that we were all the victim of the serial 12(b)6 defense technique. There was no intention to engage in sanctionable conduct or add to this litigation. Plaintiffs regularly asked the Court to cut the Gordian knot but failed to understand the Court's directions that Plaintiff do it.

DATED: October 1, 2020          Respectfully submitted,

_____
RICHARD P. HERMAN
Prisoners Rights Union
NICHOLAS KOHAN
JERRY STEERING
ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the aforesaid County of Orange, State of California;

I am over the age of 18 and not a party to the within action; my address is P. O. Box 53114, Irvine, California 92619. On October 1, 2020, I served the foregoing document, described as **Plaintiff's Memo Re Sanctions on** the interested parties in this action. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Leon J. Page, County Counsel
D. Kevin Dunn, Senior Deputy (SBN 194604)
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359
Email: kevin.dunn@coco.ocgov.com

Gregory A. Nylen
Greenberg Traurig LLP
18565 Jamboree Road Suite 500
Irvine, CA 92612
Telephone: (949) 732-6504
Facsimile: (949) 732-6500
Email:nyleng@gtlaw.com

Zachary Schwartz Esq
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza Suite 1500
Irvine, CA 92614-8558
Telephone: 949-864-3400
Facsimile: 949-864-9000
Email:zachary.schwartz@knchlaw.com

    (X)    BY EMAIL: I caused all of the pages of the above-entitled document to be sent to the recipient noted at their email address indicated.

    (X)    I declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the above is true and correct.  Executed on October 1, 2020 in Rancho Santa Margarita, California.

_____
                Yesenia Chan